United States District Court
Southern District of Texas

**ENTERED**

December 13, 2022

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GARY GARCIA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | CIVIL ACTION NO. 2:22-CV-0017 |
| V. | § | |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Julie K. Hampton's Memorandum and Recommendation ("M&R"), entered on September 22, 2022. (D.E. 19). The M&R recommends that the Court grant Respondent Bobby Lumpkin's motion for summary judgment, (D.E. 14), and deny Petitioner Gary Garcia's 28 U.S.C. § 2254 habeas corpus petition as untimely and, alternatively, on the merits. (D.E. 19). The M&R further recommends that the Court deny a Certificate of Appealability ("COA"). *Id.* Petitioner timely filed objections to the M&R. (D.E. 26); *see* (D.E. 23) (vacating D.E. 20 order where Petitioner alleged that he had not received the M&R before its adoption and granting Petitioner more time to file objections).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). First, Petitioner makes objections concerning the Magistrate Judge's determination that Petitioner's petition was untimely, and that Petitioner has not established that he is entitled to statutory or equitable tolling. (D.E. 26, p. 1–4).

1/3

Having reviewed Petitioner's objections on this ground, the Court agrees with the M&R— Petitioner did not timely file his § 2254 petition and is not entitled to statutory or equitable tolling. As such, the Court **OVERRULES** the Petitioner's objections on this ground. (D.E. 26).

Second, Petitioner argues that the Magistrate Judge violated § 2244(d)(1), which Petitioner asserts prohibits a Magistrate Judge from ruling on the merits of a federal habeas claim after dismissing the habeas petition on limitation grounds. (D.E. 26, p. 5). Upon review, § 2244(d)(1) does not prohibit this. Further the United States Supreme Court has noted with approval that "[a] court will sometimes address the merits of a claim that it believes was presented in an untimely way: for instance, where the merits present no difficult issue; where the court wants to give a reviewing court alternative grounds for decision; or where the court wishes to show a prisoner (who may not have a lawyer) that it was not merely a procedural technicality that precluded him from obtaining relief." *Carey v. Saffold*, 536 U.S. 214, 225–26 (2002). As such, it was not error for the Magistrate Judge to also consider the merits of Petitioner's petition. Petitioner's objections on this ground are **OVERRULED**. (D.E. 26).

Third, Petitioner objects that the Magistrate Judge failed to determine whether Petitioner was entitled to an evidentiary hearing in light of the evidence presented in the state court proceeding. (D.E. 26, p. 6). The Court has already concluded that Petitioner's § 2254 petition was untimely, so this objection is moot. In any case, Petitioner argued in his response to summary judgment that his showings "satisfies the requirements for at the very least ordering an evidentiary hearing." (D.E. 18, p. 8–9). The Magistrate Judge disagreed, *see generally* (D.E. 19), and after a de novo review, the Court also concludes that an evidentiary hearing was not required in this case, even if the issue was not moot. Petitioner's objections on this ground are **OVERRULED**. (D.E. 26).

Fourth, and lastly, Petitioner objects that the Magistrate Judge "made an unreasonable determination of the facts in light of the evidence presented in [the state court proceeding] as to the application of correct legal principles to [Petitioner's] ineffective assistance of counsel claim and [the] Texas doctrine of laches." (D.E. 26, p. 8). Since the Court has already concluded that Petitioner's § 2254 petition was untimely, this objection is also moot. Notwithstanding the objection's mootness, however, after conducting a de novo review, that Court agrees with the Magistrate Judge's analysis and finds that Petitioner's petition lacks merit. *See* (D.E. 19, p. 18–25). Petitioner's objections on this ground are **OVERRULED**. (D.E. 26).

Accordingly, the Court **ORDERS** the following:

(1) The Court **ADOPTS** the M&R in its entirety. (D.E. 19).

(2) The Court **GRANTS** Respondent's motion for summary judgment. (D.E. 14).

(3) The Court **DENIES** Petitioner's 28 U.S.C. § 2254 habeas corpus petition. (D.E. 1).

(4) The Court **DENIES** a Certificate of Appealability.

A final judgment will be entered separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
December 12, 2022